IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES A. BRINKLEY,

        Petitioner,                      No. CIV S-06-2189 GEB GGH P

    vs.

JAMES TILTON, et al.,

        Respondents.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed September 29, 2006. <u>See</u> <u>Saffold v. Newland</u>, 250 F.3d 1262, 1265 (9th Cir. 2000), overruled on other grounds, <u>Carey v. Saffold</u>, 536 U.S. 214, 122 S.Ct. 2134 (2002) (under the "mailbox rule," a pro se petitioner's filing is deemed filed at the moment the prisoner delivers it to prison officials for forwarding to the court). Petitioner challenges his 2003 conviction for felony child abuse, lewd and lascivious conduct with a child under 14 years of age and concealment of a child from his lawful custodian. Petitioner was sentenced to 14 years and eight months.

        Pending before the court is respondent's January 5, 2007, motion to dismiss on grounds that the petition is barred by the statute of limitations. After carefully reviewing the record, the court recommends that respondent's motion be granted.

1

1   The statute of limitations for federal habeas corpus petitions is set forth in 28
2   U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On March 12, 2004, the California Court of Appeal affirmed petitioner's conviction. Respondent's Lodged Document No. 2. Petitioner filed a petition for rehearing in the state appellate court which was denied April 2, 2004. Respondent's Lodged Document No. 4.

In his opposition, petitioner claimed that he filed a petition for review in the California Supreme Court on July 20, 2004. On May 16, 2007, the court ordered petitioner to file a file stamped copy of the petition for review and a copy of the order by the California Supreme Court denying the petition for review. If petitioner did not have these documents, he was directed to file a declaration to that effect.

On May 25, 2007, petitioner filed a declaration stating that his state appellate attorney told him that she would not file a petition for review for him. Petitioner on his own filed a petition for review and a motion for relief from default with the California Supreme Court on July 20, 2004. Petitioner claims that on July 29, 2004, the petition for review and motion for

relief from default were returned to him. He later received a letter from the California Supreme Court stating that the court could not rule on the motion or entertain the petition.

Petitioner had forty-five days after the California Court of Appeal denied his petition for rehearing to file a petition for review in the California Supreme Court. See Cal. Rules of Court, Rule 8.500 (formerly rule 28), Rule 8.264 (formerly Rule 24). Petitioner sent his petition for review to the California Supreme Court more than 45 days after April 2, 2004. Because the California Supreme Court rejected the petition, the court of appeal's decision became final forty days after it was issued, i.e. on May 12, 2004. See former Cal. Rules of Court 24(a); Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002). Petitioner had one year from that date, i.e. until May 12, 2005, to file a timely federal petition. The instant action, filed September 29, 2006, is not timely unless petitioner is entitled to statutory or equitable tolling.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

Petitioner filed four state post-conviction collateral challenges. On May 16, 2005, petitioner filed a habeas corpus petition in the Yuba County Superior Court. Respondent's Lodged Document No. 5. On July 7, 2005, the Superior Court denied the petition without prejudice. Id., no. 6. On July 18, 2005, petitioner filed another habeas corpus petition in the Yuba County Superior Court. Id., no. 7. On September 22, 2005, the Superior Court denied this petition. Id., no. 8. On October 7, 2005, petitioner filed a habeas corpus petition in the California Court of Appeal. Id., no. 9. On October 27, 2005, the California Court of Appeal denied this petition. Id., no. 10. On November 15, 2005, petitioner filed a habeas corpus petition in the California Supreme Court. Id., no. 11. On August 30, 2006, the California Supreme Court denied this petition. Id., no. 12.

Petitioner's first petition filed in the Yuba County Superior Court on May 16, 2005, contains no proof of service or signature by petitioner. Therefore, the court cannot

1 determine when or if it was delivered to prison officials for mailing in order to give petitioner the
2 benefit of the mailbox rule.  In the motion to dismiss, respondent states that even assuming the
3 petition was delivered to prison officials for mailing on May 12, 2005, the instant action is not
4 timely.

5       Using May 12, 2005, as the date petitioner filed his first state habeas petition,
6 petitioner's state habeas petitions were pending for 475 days, i.e. from May 12, 2005, to August
7 30, 2006.  See Former California Rule of Court 29.4 (California Supreme Court's denial of
8 habeas petition is final upon ruling).  Adding 475 days to May 12, 2005, would obviously make
9 the limitations period run on August 30, 2006.  Because the instant action was filed on
10 September 29, 2006, the instant action is not timely.

11       A habeas petitioner bears the burden of proving that equitable tolling should apply
12 to avoid dismissal of an untimely petition.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.
13 2002).  Equitable tolling is available "only if extraordinary circumstances beyond a prisoner's
14 control make it impossible to file a petition on time."  Id. (internal quotation omitted).

15       The court has considered whether petitioner is entitled to equitable tolling based
16 on his state appellate attorney's refusal to file a petition for review and petitioner's claim that he
17 was forced to "learn the law" in order to file his own petition for review.  See May 25, 2007,
18 declaration.  Petitioner also claims that he was on a yard that holds over 1300 inmates with a law
19 library that only holds 10.

20       While the fact that petitioner was left to file his own petition for review may
21 constitute a "circumstance," it does not constitute an extraordinary circumstance that prevented
22 petitioner from filing a timely federal petition.  Petitioner does not demonstrate, for example, that
23 an inability to access the law library prevented him from filing a timely petition for review.  The
24 fact that petitioner waited approximately ten months to file his first state habeas petition also
25 undermines petitioner's claim that his state appellate attorney's decision not to file a petition for
26 review effectively prevented him from filing a timely federal petition.  Petitioner also does not

1  explain why he waited approximately two months after the California Supreme Court denied his
2  habeas corpus petition to file his federal petition.  For these reasons, the court finds that
3  petitioner has not demonstrated that circumstances beyond his control prevented him from filing
4  a timely federal petition.
5  　　　　　　Accordingly, IT IS HEREBY RECOMMENDED that respondent's January 5,
6  2007, motion to dismiss be granted.
7  　　　　　　These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9  days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within ten days after service of the objections.  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15 DATED: 6/12/07

16 　　　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows

17 　　　　　　　　　　　　　　　　　　GREGORY G. HOLLOWS
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
18
19
20 brink2189.157